[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2006
THOMAS K. KAHN, CLERK

_____

No. 05-14123
Non-Argument Calendar

_____

D. C. Docket No. 03-00335-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES C. WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 24, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

James C. Wright appeals the decision by the district court to designate him

an Armed Career Criminal under 18 U.S.C. § 924(e)( 1) and sentence him to 180 months imprisonment. Wright pled guilty to a one-count indictment charging him with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(l). The indictment listed Wright's six prior felony convictions, which included aggravated battery, battery on a law enforcement officer, robbery, and aggravated fleeing or attempting to flee a police officer. At Wright's plea hearing, Wright admitted that he had been convicted of the six prior felonies. The district court concluded that Wright was an Armed Career Criminal and sentenced Wright to 180 months. Wright argues on appeal that the district court erred in summarily determining that his prior convictions were violent felonies or serious drug offenses for purposes of applying the statutory mandatory minimum 15-year sentence under 18 U.S.C.§ 924(e)(1). He argues that the categorization of his previous convictions as violent felonies or serious drug offenses was an issue for a jury to decide.

Because Wright objected to the application of the career offender enhancements before and at his sentencing hearing, we review the sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

In order to enhance a sentence based on the Armed Career Criminal Act, the government must show that the defendant "has three previous convictions by any

court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." 18 U.S.C. 924(e)(1). The term "violent felony" is defined in the ACCA as any crime that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

In Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), the Supreme Court noted the important difference between the "fact of a prior conviction" and a "fact about a prior conviction," for purposes of enhancing a sentence under the ACCA. Id. at 1262 (emphasis added). The former is governed by Almendarez-Torres v. United States, *523* U.S. 224 (1998) and may be determined by the sentencing judge,[1] while the latter may only be found by the sentencing judge if based on a limited set of documents laid out in Shepard and Taylor v. United States, 495 U.S. *575* (1990). Shepard, 544 U.S. at____, 125 S. Ct.

---

[1] In Almendarez-Torres, the Supreme Court held that the government need not allege a prior conviction in the indictment nor prove it beyond a reasonable doubt to a jury in order to use that conviction for purposes of enhancing a sentence. Almendarez-Torres, 523 U.S. at 228.

at 1257, 1262-63. The Supreme Court explained that, while a dispute over whether a burglary conviction was a "violent felony" could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones v. United States, 526 U.S. 227 (1999), and Apprendi v. New Jersey, 530 U.S. 466 (2000), to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Shepard, 544 U.S. at _____ , 125 S. Ct. at 1262. The Court concluded that a sentencing judge's determination of whether a prior burglary conviction qualifies as a violent felony for purposes of increasing his sentence, is a fact "about" a prior conviction that can be found by a sentencing judge "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, 544 U.S. at ____ , 125 S. Ct. at 1257; see also United States v. Greer, No. 05-11295, —F.3d-—, 2006 WL 435662 (11th Cir. Feb. 24, 2006).

We recently held in Greer that a district court may find the facts necessary to determine that a prior conviction was a "violent felony" for purposes of defining an individual as a Armed Career Criminal. 2006 WL 435662, at *5. We explained that Shepard restricts the sources of evidence that a judge may consider in making such a finding. Id. at *7 ([T]he Supreme Court has instructed us that in determining

4

the nature of a prior conviction for ACCA purposes the trial judge may not look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record."). In Greer, we held that "there [was] no Shepard problem because the violent nature of each prior conviction, as "violent" is defined in the ACCA, can be determined from the face of the certified copy of the conviction document read along with the indictment and in light of the statutory elements of the offense." Id.

In this case, Wright did not object to any of the factual statements in the PSI, and the district court adopted those findings as its own. When Wright objected to his ACCA enhancement, the district court stated:

> [T]he defendant entered a plea of guilty to the indictment in this case which it specifically alleged that the defendant has a prior conviction for aggravated battery, aggravated fleeing or attempting to elude a police officer, uttering a forged instrument, battery on a law enforcement officer, unarmed robbery and robbery, so if those are the convictions, he's already pled to those convictions so the government is not required to prove those convictions in this particular case. Having. . . entered those please, I think he can be enhanced under the guidelines because of that.

The district court's assessment of why the ACCA enhancement applies was wholly conclusory; the court never stated which prior convictions were violent felonies and, in fact, some of the convictions the district court relied upon were clearly not violent, e.g., uttering a forged instrument. In addition, the district court

5

never explicitly stated that Wright's prior convictions were unrelated. In these respects, the district court erred. Nevertheless, it is not evident that the court relied on materials outside of those permitted by Shepard, and our de novo review of the record leads us to conclude that Wright was properly enhanced under the ACCA, though not for the reasons stated by the district court.

Under Shepard, if the violent nature of a felony conviction is apparent from the statutory definition and facts found by the district court to which the defendant has assented, the court may enhance a defendant's sentence under ACCA relying upon the definition and explicit findings of fact. 544 U.S. at ___, 125 S. Ct. at 1257. According to the PSI, Wright's criminal history included separate prior convictions for battery on a law enforcement officer, battery, domestic battery, aggravated battery, and felony domestic battery. While battery is not always a violent felony, see, e.g., United States v. Simms, --- F.3d ----, 2006 WL 771468 (4th Cir. Mar. 28, 2006), the factual explanation of these prior convictions within the PSI reveals that Wright's specific battery convictions were in fact violent in nature. At least three of his prior convictions for battery involved crimes having "an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Because Wright assented to the facts contained in the PSI, and those facts reveal at least three prior convictions for

unrelated violent felonies, the enhancement of Wright's sentence under ACCA was appropriate.

AFFIRMED.