[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15104
Non-Argument Calendar
_____

D.C. Docket Nos. 3:16-cv-00788-MMH-JBT; 3:11-cr-00009-MMH-JBT-1


ARCHERY LYNN OVERSTREET,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 14, 2021)

Before WILSON, ROSENBAUM, and ED CARNES, Circuit Judges.

PER CURIAM:

Archery Overstreet, a counseled federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. He contends that his prior convictions for Texas burglary and attempted murder no longer qualify as Armed Career Criminal Act (ACCA) predicates, see 18 U.S.C. § 924(e), and that the sentencing court erred in relying on those convictions to sentence him as an armed career criminal under that statute. We granted Overstreet a certificate of appealability on the following question:

> Is it more likely than not that the sentencing court relied on the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) when sentencing Mr. Overstreet as an armed career criminal, in violation of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015)?

When reviewing a district court's denial of a § 2255 motion, we review de novo the court's legal conclusions and for clear error its findings of fact. Santos v. United States, 982 F.3d 1303, 1308 (11th Cir. 2020).

Overstreet raises a claim under Johnson v. United States, 576 U.S. 591, 597 (2015), which held that the ACCA's residual clause is unconstitutionally vague.[1] To succeed on his Johnson claim, Overstreet must show (1) that "the sentencing

---

[1] The ACCA subjects a defendant to a 15-year mandatory minimum sentence if he is convicted of being a felon in possession of a firearm following three prior felony convictions for violent felonies committed on different occasions. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that: "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated offenses clause); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). Id. § 924(e)(2)(B).

court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause . . . to qualify a prior conviction as a violent felony," and (2) that "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony." Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017).

Overstreet bears the burden of making that showing. Id. at 1221–22. As to the first part of it, he must show that it is more likely than not that the sentencing court "relied only on the residual clause in qualifying the felony as violent." Williams v. United States, 985 F.3d 813, 817 (11th Cir. 2021). He cannot satisfy his burden "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement." Beeman, 871 F.3d at 1222. And "[i]f the evidence is silent or in equipoise," then his claim must fail. Williams, 985 F.3d at 821.

The issue is one of "historical fact," and it focuses on which ACCA clause the sentencing judge relied on at the time of the sentencing. Beeman, 871 F.3d at 1224 n.5. One way that Overstreet "can prove this historical fact [is] through direct evidence, such as comments or findings by the sentencing judge, or circumstantial evidence, such as statements in the PSR." Williams, 985 F.3d at 817 (cleaned up).

3

But Overstreet cannot rely on that way because the record is silent about what clause of the ACCA the sentencing court used.  Overstreet concedes that "[t]he district court never expressly addressed what [ACCA clause] it relied on," nor did it implicitly do so.  We have not found anything in the record to break that silence, and "[i]f the evidence is silent . . . the party with the burden fails." Id. at 821.

Another way that Overstreet can prove the historical fact is through circumstantial evidence based on "the law at the time of [his] sentencing." Id. at 818.  For him to do that, however, the law at the time must have contained "clear precedent showing that the court could only have used one clause or another;" indeed, "merely persuasive authority on the state of the law is insufficient to determine the sentencing court's reasoning." Id. (quoting United States v. Pickett, 916 F.3d 960, 964 (11th Cir. 2019)); see also id. at 820 ("Absent authority that would have compelled a particular result [at the time of sentencing, the petitioner] cannot meet his burden of proof through case law alone.") (emphasis added); Santos, 982 F.3d at 1312 (11th Cir. 2020) ("No Eleventh Circuit decision prior to the sentencing date ever suggested [the prior conviction] did not also qualify under the elements clause.") (emphasis added); Pickett, 916 F.3d at 966 (declining to rely on statements that were dicta as a basis for determining the district court's reasoning); id. ("The case law would not have given any firm answers about the

elements clause, so it appears to us to be a very weak circumstantial re[e]d upon which to infer what the district court thought.") (emphasis added). Additionally, "cases postdating the sentencing 'cast very little light, if any, on the key question of historical fact.'" Id. (alteration adopted) (quoting Beeman, 871 F.3d at 1224 n.5).

"Because no case-specific evidence exists to suggest which clause the sentencing court relied on, the only available evidence is the state of the law at the time of [Overstreet's] sentencing." Williams, 985 F.3d at 818. But Overstreet points to no clear precedent from that time which could lead us to conclude that the sentencing court must have relied on the residual clause and on it alone. Nor, for that matter, does he even point us to any unclear precedent from that time. Cf. id. at 821 ("Because the authorities that [the petitioner] cites are not clear, they fail to shed light on what the sentencing court did as a matter of historical fact."). And Overstreet's recitation of non-binding decisions that were issued much later does him no good. See, e.g., Pickett, 916 F.3d at 966.[2]

---

[2] The first time Overstreet discusses the Beeman decision is in his reply brief, nearly all of which he spends arguing that the decision should be overruled. He devotes only a few conclusory and cryptic paragraphs in his reply brief arguing that he met his burden under Beeman. In his opening brief, he said nothing substantive about Beeman and barely mentioned it, despite the fact that the certificate of appealability clearly instructed him to address the burden required by Beeman. We need not consider his belated arguments about Beeman being wrongly decided. See, e.g., Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'") (quoting United States v. Coy, 19 F.3d 629, 632 n.7 (11th Cir. 1994)). And even if Overstreet had presented his attack on Beeman in a timely fashion in

"Nothing found in the sentencing record, nor in any circumstantial evidence, points to anything that would allow [Overstreet] to show that he was sentenced under the ACCA solely pursuant to its residual clause."  Santos, 982 F.3d at 1310. Because he cannot meet his burden, we affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**

---

his opening brief, what Overstreet or we think about Beeman does not matter.  See, e.g., United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) ("[W]ithout a clearly contrary opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court.") (quotation marks omitted).