[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12298

Non-Argument Calendar

_____

DERRICK G. CARMICHAEL,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cv-01939-TWT

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal involves the denial of Derrick Carmichael's motion to vacate his sentence under 28 U.S.C. § 2255. The case comes before us for the second time. *See Carmichael v. United States*, 758 F. App'x 860 (11th Cir. 2019) (unpublished). To briefly repeat the relevant facts, Carmichael received the mandatory minimum sentence of 15 years' imprisonment under the Armed Career Criminal Act after he pleaded guilty to firearm possession by a felon in violation of 18 U.S.C. § 922(g), based on three felony convictions under Georgia's aggravated assault statute and one conviction for cocaine possession with intent to distribute. *Id.* at 861. Carmichael contends that his sentence must be vacated because his aggravated assault convictions were classified as violent felonies under ACCA's residual clause, which the Supreme Court held was unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 597, 606 (2015).

In our previous decision, we remanded for the district court to apply the test this Circuit established in *Beeman v. United States* to assess whether Carmichael has shown that he was more likely than not sentenced as an armed career criminal "solely because of the residual clause." *Carmichael*, 758 F. App'x at 863; *Beeman v. United States*, 871 F.3d 1215, 1224 (11th Cir. 2017). The issue before us now is whether Carmichael has made that showing.

After careful review, we conclude that he has not.  We therefore affirm the denial of his motion to vacate his sentence.

The Armed Career Criminal Act mandates a 15-year minimum sentence for a criminal defendant convicted under 18 U.S.C. § 922(g) who already has three or more convictions "for a violent felony or a serious drug offense."  18 U.S.C. § 924(e)(1). Now, an offense other than "burglary, arson, or extortion" or one that "involves use of explosives" can qualify as a violent felony, under ACCA's elements clause, if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.* § 924(e)(2)(B)(i)–(ii).  But before the Supreme Court ruled ACCA's residual clause unconstitutional in *Johnson v. United States*, sentencing courts could also count offenses as violent felonies if they involved "conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B)(ii).  Because *Johnson* applies retroactively to cases on collateral review, prisoners like Carmichael can challenge their ACCA sentences as having been issued only under the unconstitutional residual clause.[1]  *See Welch v. United States*, 578 U.S. 120, 135 (2016).

---

[1] No claim under *Descamps v. United States* is before us.  570 U.S. 254 (2013). Carmichael timely raised a *Johnson* claim that he was sentenced under the residual clause, not a *Descamps* claim that he was incorrectly sentenced under the elements clause. *Carmichael v. United States*, 758 F. App'x 860, 862–63 (11th Cir. 2019) (unpublished); *see Beeman v. United States*, 871 F.3d 1215,

4                    Opinion of the Court                    19-12298

*Beeman* lays out two paths for a § 2255 movant aiming to satisfy his burden of showing, as a matter of historical fact, that he was sentenced solely under the residual clause. *First*, the movant may point to evidence in the sentencing record that shows that the district court relied only on the residual clause. *Beeman*, 871 F.3d at 1224–25. That evidence may include, among other things, statements by the sentencing judge or the parties. *See id.* at 1224 n.4. *Second*, the movant may show that "the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." *Id.* at 1224 n.5. Such clear, binding precedent offers powerful circumstantial evidence that the district court proceeded under the residual clause alone. *See id.* To provide sufficient evidence of the district court's reasoning, the precedent must have "compelled the district court to rely on the residual clause and only the residual clause." *Pitts v. United States*, 4 F.4th 1109, 1115 (11th Cir. 2021).

Carmichael concedes that the sentencing record does not show that he was sentenced under the residual clause. So he turns instead to the second path, seeking to establish that case law at the time he was sentenced in 2009 made it obvious that an aggravated assault in violation of Georgia law qualified as a violent felony only under the residual clause. Because he relies on the state of the law

---

1220 (11th Cir. 2017). We therefore do not consider whether he was correctly sentenced under the elements clause.

at the time he was sentenced, our review is de novo. *Williams v. United States*, 985 F.3d 813, 816 (11th Cir. 2021).

We assume for the purposes of this analysis that by the time of Carmichael's sentencing, Georgia law was sufficiently clear that a conviction for aggravated assault could include offenses committed with a mens rea of recklessness.[2] *See Patterson v. State*, 299 Ga. 491, 492–95 (2016); *see also United States v. Moss*, 920 F.3d 752, 758 (11th Cir. 2019), *opinion reinstated*, 4 F.4th 1292 (11th Cir. 2021) (en banc). And we recognize that later cases of the Supreme Court and this Circuit, decided after Carmichael was sentenced, have held that crimes requiring only a reckless mental state do not qualify as violent felonies under ACCA's elements clause. *See Borden v. United States*, 141 S. Ct. 1817, 1825 (2021); *Moss*, 920 F.3d at 756–57. Still, Carmichael has failed to show that he was sentenced under the residual clause, because he has pointed to no binding precedent existing at the time of his sentencing that clearly established that his aggravated assault crimes could only qualify as violent felonies under the residual clause.

In 2004, the Supreme Court decided *Leocal v. Ashcroft*, which held that crimes requiring only a negligent mental state do not fall within a statutory definition that resembles ACCA's

---

[2] Carmichael argued before the district court that the statute he violated also covered accidental and negligent acts and therefore could not qualify under ACCA's elements clause at the time of his sentencing. But he does not raise that argument on appeal, so we will not consider it. *See Samak v. Warden, FCC Coleman–Medium*, 766 F.3d 1271, 1273 n.1 (11th Cir. 2014).

elements clause.  543 U.S. 1, 8–10 (2004).  Between that case and the Supreme Court's resolution of the issue in *Borden v. United States*, circuit courts reached divergent decisions when addressing whether statutes covering *reckless* conduct could qualify as violent felonies under the elements clause—*Leocal* expressly declined to reach that issue.  *Id.* at 13; *see Borden*, 141 S. Ct. at 1823.  This Circuit, for its part, had not clearly decided the issue by the time of Carmichael's 2009 sentencing.  As we explained in *United States v. Moss*, our 2010 decision in *United States v. Palomino Garcia* "compels the conclusion that the ACCA's elements clause likewise requires the intentional use of force" and so does not include offenses that cover reckless conduct as defined by Georgia law. *Moss*, 920 F.3d at 756–57 (citing *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010)).  But Carmichael's sentencing predated *Palomino Garcia* by around eight months, so that case does not establish what the law was when Carmichael was sentenced.

The murky state of the law at the time Carmichael was sentenced does not support a conclusion that he was more likely than not sentenced under the residual clause.  No "clear precedent showing that the court could only have used one clause or another" existed at that time, and "merely persuasive authority on the state of the law is insufficient to determine the sentencing court's reasoning."  *Williams*, 985 F.3d at 820 (quotation omitted).  The decisions of other circuit courts are not binding on district courts within this Circuit.  *See Pitts*, 4 F.4th at 1116 n.3.

Cases decided by the time Carmichael was sentenced may have laid the foundation for future binding decisions that excluded crimes covering recklessness from the elements clause. That nascent case law, however, would not have "compelled" the district court to classify Carmichael's aggravated assault convictions as violent felonies only under the residual clause. *See id.* at 1115. As *Beeman* described, a "decision today that Georgia aggravated assault no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause)" casts "very little light, if any, on the key question of historical fact" at issue— whether Carmichael was sentenced only under the residual clause. 871 F.3d at 1224 n.5. Carmichael cannot satisfy his burden of proof with this weak evidence.

We **AFFIRM** the denial of Carmichael's motion to vacate his sentence.