[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12960

Non-Argument Calendar

_____

TYRONE KEVIN SMITH,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81291-RLR

_____

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Tyrone Smith appeals the district court's denial of his motion to vacate his conviction based on his contention that his 18 U.S.C. § 924(o) conviction is unconstitutional. Specifically, Smith contends that he was convicted under the unconstitutional residual clause of Section 924(c)(3) and that his conviction for attempted armed bank robbery is not a "crime of violence" under the still-constitutional elements clause of Section 924(c)(3). We disagree and affirm.

Smith and his brothers were caught by the FBI while planning to rob a bank at gunpoint. In 2015, Smith pleaded guilty to three crimes arising from this arrest: conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) and 2113(d), and conspiracy to carry and use a firearm during a crime of violence in violation of 18 U.S.C. § 924(o). This appeal is about the third conviction—conspiracy to carry or use a firearm during a crime of violence.

Section 924(o) makes it a crime to conspire to commit an offense under Section 924(c), which itself makes it a crime to carry or use a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" by reference to two clauses. Under what

we call the "elements clause," the statute says that a crime of violence is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Under the "residual clause," the statute provides that a crime of violence is a felony "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

Turning back to Smith's case, the record does not reflect why the parties and district court believed that Smith's underlying offense—attempted bank robbery—was a "crime of violence." No one discussed this definitional issue during his guilty plea proceedings or his sentencing proceedings. Likewise, the parties' written plea agreement did not address why they believed attempted bank robbery was a crime of violence. Instead, the parties and court simply assumed that Smith's conviction for attempted bank robbery under 18 U.S.C. § 2113(a) and 2113(d) was a crime of violence that could support a conviction under Section 924(o).

After Smith's conviction became final, the Supreme Court held that the statute's residual clause—Section 924(c)(3)(B)—is unconstitutionally vague in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319, 2336 (2019). *Davis* announced a new substantive rule that applies retroactively to convictions that are already final. *In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019).

Based on *Davis*, Smith filed a motion to vacate his long-final Section 924(o) conviction under 28 U.S.C. § 2255. The district court denied Smith's motion, and this is his appeal.

We have held that a movant like Smith—who argues that his conviction is unconstitutional under the Supreme Court's holding in *Davis*—must "bear the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) [or § 924(o)] conviction resulted from application of solely the [now-unconstitutional] residual clause." *Hammoud*, 931 F.3d at 1041; *see also Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017). Sometimes, this kind of question can be resolved by a "finding of historical fact"—in other words, there may be record evidence that the unconstitutional clause did or did not lead to a conviction or sentence. *Williams v. United States*, 985 F.3d 813, 816 (11th Cir. 2021). Sometimes, the question must be resolved "by reference to legal principles alone"—that is, parsing the state of the law to determine whether the residual clause affected the conviction or sentence. *Id.* In any event, we have been clear that a district court should deny a Section 2255 motion if the movant cannot meet his burden to establish that his conviction was based on the now-unconstitutional residual clause. *Id.*

The government argues that Smith cannot establish that his conviction was based on the residual clause. We agree. There is no record evidence that suggests the now-unconstitutional residual clause was the basis for Smith's conviction. And Smith has not pointed to any legal principles or caselaw at the time of this

conviction that would suggest the residual clause was the basis for his conviction. The bank robbery statute under which Smith pleaded guilty punishes someone who, "in committing, or in attempting to commit" bank robbery "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). Given these elements and the lack of caselaw saying otherwise, it is just as likely that the parties and court concluded that Smith's crime was a crime of violence under the elements clause as the residual clause. *See, e.g.*, *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding that attempted robbery under Florida law satisfied the Sentencing Guidelines' similar, but not identical, elements clause).

Smith contends that he should not be required to establish that his conviction was based on the now-unconstitutional residual clause to get relief under *Davis*. He makes two arguments on this front, but neither is persuasive.

First, Smith argues that the government has waived the issue of his inability to satisfy this burden because it previously joined him in moving this court to reverse the district court's decision. We denied that motion. We are not required to accept the government's concession of error "when the law and record do not justify it." *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000). And we have held that a concession of law is not binding on us. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021). After we denied the parties' joint motion, the government filed a brief that argued that we should affirm because Smith had not met

his burden to establish that the residual clause affected his conviction. That issue has, therefore, not been waived.

Second, Smith argues that we should consider the state of the law *today* to determine whether his conviction was based on the residual clause. And he says today's caselaw—particularly *United States v. Taylor*, 142 S. Ct. 2015 (2022)—establishes that he could not have been convicted under the elements clause because (he says) attempted bank robbery would not count as a crime of violence under today's caselaw. Therefore, he reasons, he must have been convicted under the residual clause.

Smith's argument is inconsistent with our precedents. In *Hammoud*, we specifically held that a movant in Smith's position must "show that his § 924(c) [or § 924(o)] conviction resulted from application of solely the residual clause." 931 F.3d at 1041. We cited our decision in *Beeman* for that proposition. *Id.* And, in *Beeman*, we held that a movant could not satisfy his burden when "there is nothing in the record suggesting that the district court relied on only the residual clause," and he "pointed to no precedent in 2009 holding, or otherwise making obvious, that [his underlying crime] qualified as a violent felony only under the residual clause." *Beeman*, 871 F.3d at 1224. We "note[d] that Beeman has likewise pointed to no precedent since 2009 so holding." *Id.* at 1224 n.5. But we explained that "even if such precedent had been announced since Beeman's sentencing hearing, it would not answer the question before us" because a court's "decision today that [the underlying crime] no longer qualifies under present law as a violent felony

21-12960                Opinion of the Court                7

under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact here: whether in 2009 Beeman was, in fact, sentenced under the residual clause only." *Id.*

Smith points out that we considered the current state of the law in answering a similar question in *Alvarado-Linares v. United States*, 44 F.4th 1334, 1341 (11th Cir. 2022). But we did so only because "the parties d[id] not distinguish between the state of the law at the time of the conviction and the state of the law today." *Id.* We explained that we were considering recent judicial decisions only to "decide this appeal as the parties have litigated it." *Id.* Unlike in *Alvarado-Linares*, the government here has asked us to distinguish between the state of the law at the time of Smith's conviction in 2015 and the state of the law today. Our precedents compel us to do so.

Smith cannot meet his burden of showing that he was more likely than not convicted solely under the residual clause.

**AFFIRMED.**