[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

No. 09-15915
Non-Argument Calendar
_____

D. C. Docket No. 09-60141-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVORY VINCENT PITTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ivory Vincent Pitts appeals his 180-month sentence for one count of

possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). Pitts argues that the district court erred in enhancing his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, Pitts argues that the district court erred in: (1) determining that his 1978 California conviction for robbery with a firearm qualified as a "violent felony;" and (2) that his 2001 Florida cocaine conviction qualified as a "serious drug offense" under the ACCA. After reading the briefs and reviewing the record we find that these two prior convictions qualified as predicate offenses for the ACCA enhancement and affirm the district court's sentence.

## I. BACKGROUND

Pitts was adjudicated guilty of robbery with a firearm, pursuant to California Penal Code § 211, on November 28, 1978 for an offense he committed when he was 18 years old. The transcript of Pitts's plea colloquy, which the government entered into evidence at sentencing, shows that Pitts also pled no contest to the allegation that he personally used a handgun during the commission of the robbery. Doc. 62-1 at 46.

Pitts was also adjudicated guilty of possession of cocaine with intent to sell or deliver, under Florida Statute § 893.13(1)(a)1, on July 9, 2001. The government entered the probable cause affidavit, information, and judgment from this

2

conviction into evidence during the sentencing. The probable cause affidavit listed the offense Pitts was being arrested for as "Delivery Cocaine" and detailed the police officer's observations of Pitts conducting the sale of cocaine. *Id*. at 61–62. The information charged Pitts with "Poss/Sell/Deliver/Cocaine." *Id*. at 59–60. The judgment listed the degree of the crime as "2F." *Id*. at 64.

The district court found by a preponderance of the evidence that the California robbery was a violent felony and that the Florida drug conviction was a serious drug offense. Pitts disputes these findings and appeals the district court's sentence under the ACCA.

## II. STANDARD OF REVIEW

We review *de novo* whether a particular conviction is a qualifying offense for the purposes of sentencing as an armed career criminal. *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006) (per curiam).

## III. DISCUSSION

Under the ACCA an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if he has three prior federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In addition, for guideline calculation purposes, a defendant subject to the ACCA automatically

3

receives an offense level of at least 33, and a criminal history category VI. U.S.S.G. § 4B1.4(b)(3)(B) and (c)(3).

A.     *Pitts's California Robbery Conviction is a Violent Felony Under the ACCA*

Section 924(e) defines "violent felony," in part, as "any crime punishable by imprisonment for a term exceeding one year . . .  that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B).  In March 2010, following Pitts's sentencing, the Supreme Court clarified that, within the definition of a "violent felony," the term "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. __, 130 S. Ct. 1265, 1271 (2010).

When determining whether an offense qualifies as a violent felony, courts ordinarily employ a "categorical approach," in that they should "examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."  *Begay v. United States*, 553 U.S. 137, 141, 128 S. Ct. 1581, 1584 (2008).  However, when the statute of conviction contains language providing for conviction under circumstances that involve the use of violent force as well as circumstances that do not involve the use of such force, courts may use a "modified categorical

4

approach." *Johnson*, 130 S. Ct. at 1273 (quotation omitted). Under this approach, courts may determine the precise statutory basis for conviction—and its violent or non-violent nature—by consulting documents in the trial record, including, but not limited to, charging documents, transcripts of plea colloquies, and verdict forms. *Id.* Under either approach, an "armed robbery conviction is undeniably a conviction for a violent felony." *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006).

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Pitts argues that, because a person convicted under California's robbery statute could have used either force *or* fear, we cannot assume he used force during the robbery. Pitts then concludes that robbery using the method a fear does not qualify as a violent felony.

A violent felony includes the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). We cannot think of any other logical way for a defendant to place fear in the victim of a robbery other than by threatening physical harm. Therefore, the California robbery statute is categorically within the definition of violent felony for the purposes of the ACCA.

Pitts's robbery conviction also qualifies as a violent felony under the modified categorical approach because he possessed a handgun during the robbery. Since we have determined that the California robbery statute is categorically a violent felony, we do not need to discuss the modified categorical approach, but we do so to be clear that the district court's use of the California plea colloquy transcript was proper. *See Dowd*, 451 F.3d at 1255. Furthermore, a violent felony also includes any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Robbery, especially one involving a handgun, is a type of crime that ordinarily poses the potential for serious physical risk to the victim and it is similar to the enumerated crimes in 18 U.S.C. § 924(e)(2)(B)(ii). *See Begay*, 553 U.S. at 142, 128 S. Ct. at 1584–85. Therefore, the California robbery statute also falls within this residual clause of the violent felony definition. *See id*.

B.       *Pitts's Florida Drug Conviction was a Serious Drug Offense*

Section 924(e) defines "serious drug offense" as either a federal drug offense punishable by a maximum term of 10 years' imprisonment or longer, or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," also punishable by a maximum term of 10 years' imprisonment or longer. 18 U.S.C. § 924(e)(2)(A).

6

State court convictions for simple possession are not serious drug offenses under the ACCA. *United States v. Hansley*, 54 F.3d 709, 718 (11th Cir. 1995).

In *United States v. Spell*, upon which Pitts relies, the defendant challenged his career criminal enhancement on the grounds the judgment reflected only that he was convicted of burglarizing a structure, as opposed to a dwelling. 44 F.3d 936, 937–38 (11th Cir. 1995) (per curiam). We held that district courts may only inquire into conduct surrounding a prior conviction when it is impossible to make a qualifying-offense determination from the face of the judgment itself. *Id.* at 939. Even then, the inquiry is "limited to examining easily produced and evaluated court documents, including the judgment of conviction, charging papers," and other records. *Id.* (vacating and remanding the case for the district court to establish that the defendant had been convicted of the charged offense).

The judgment for Pitts's Florida cocaine conviction is slightly ambiguous because it lists the offense as "Poss/Sell/Del Cocaine." Further, the information lists the offense statute as "893.032A4" which codifies cocaine as a controlled substance, not the actual statute under which Pitts was convicted. However, the information lists the degree of the crime as "2F," a second degree felony. Under Florida law, mere possession of cocaine is a third degree felony. Fla. Stat. § 893.13(6)(a). Thus, Pitts must have been convicted of sale or delivery of cocaine,

7

both of which qualify as a serious drug offense for the purposes of the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii). Furthermore, the probable cause affidavit and information specify that Pitts was arrested for and charged with the sale or delivery of cocaine. These documents are sufficient support for the district court's finding that the Florida drug conviction qualified as a serious drug offense.

## IV. CONCLUSION

The district court appropriately considered Pitts's prior convictions and the supporting documents associated with those convictions in determining whether the convictions qualified for inclusion in the ACCA. Therefore, we find that the ACCA enhancement was proper and affirm the district court's sentence.

**AFFIRMED.**