[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12096

_____

D.C. Docket Nos. 0:16-cv-61276-JIC; 0:09-cr-60141-JIC-1


IVORY VINCENT PITTS,

                                                          Petitioner-Appellant,


versus


UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2021)

Before LUCK, ED CARNES, and MARCUS, Circuit Judges.

ED CARNES, Circuit Judge:

Ivory Pitts appeals the denial of his second or successive 28 U.S.C. § 2255 motion, challenging his sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). He contends that two of the four convictions underlying that ACCA enhancement can no longer support it after the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Pitts is wrong as to at least one of those two, and that leaves three underlying convictions supporting the ACCA enhancement. Because three is enough, we affirm the denial of his second or successive § 2255 motion.

## I. THE FACTS AND PROCEDURAL HISTORY

In June 2009 a federal grand jury indicted Ivory Pitts for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), and for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In exchange for the government's agreement to seek dismissal of the drug charge, Pitts pleaded guilty to the felon in possession charge. The district court accepted the plea and entered a judgment of conviction on that charge.

The 2009 presentence investigation report calculated a total offense level of 30 and a criminal history category of VI, which produced a guidelines range of 168 to 210 months. The PSR determined that Pitts' prior convictions qualified him for

2

an enhanced sentence as an armed career criminal under 18 U.S.C. § 924(e).  To support the ACCA enhancement, the PSR relied on four of Pitts' prior convictions: (1) a 1978 California conviction for robbery with a firearm; (2) 1982 California convictions for robbery and forcible rape; (3) a 1993 Florida conviction for delivery of cocaine; and (4) a 2001 Florida conviction for possession with intent to sell or deliver cocaine.[1]  Because the statutory mandatory minimum sentence was 15 years, that became the bottom of his guidelines range, resulting in a range of 180 to 210 months.

Pitts objected to the PSR's use of his 1978 California robbery with a firearm conviction and his 2001 Florida drug conviction to enhance his sentence under the ACCA.  He argued that there was insufficient evidence to establish that his 1978 conviction was for robbery with a firearm.  The government responded that it would establish at sentencing that the 1978 robbery with a firearm and 2001 drug

---

[1] Obviously, the PSR's list adds up to five convictions instead of four.  The disparity relates to the two 1982 California convictions, one for the robbery and another for a particularly brutal rape that was closely related and occurred on the same occasion. Pitts was convicted of two separate charges for those crimes: robbery and "rape by force," and the judgment showed two convictions. But the PSR counted the rape and robbery as one conviction instead of two for purposes of the ACCA enhancement.  Consistent with that, the government took the position in the district court, as it does here, that because of the different occasions requirement, see 18 U.S.C. § 924(e)(1) (requiring the previous convictions to have been "committed on occasions different from one another"), only one of those two felonies could be counted for ACCA purposes. We express no view about that position because, as will become evident later, whether the rape and robbery are counted as one conviction or two does not affect the application of the ACCA enhancement in this case.  See infra at 9.  For the sake of simplicity, however, in the remainder of this opinion we will refer to this ACCA predicate conviction as "the 1982 robbery."

convictions were qualifying predicate offenses under the ACCA.  It did just that, introducing copies of the state court records for Pitts' 1978 California robbery conviction; the National Crime Information Computer report on Pitts; a probation officer's report; and a transcript of a sentencing hearing in that earlier state court case.  Pitts again objected.  While conceding that he had been convicted of a crime in California in 1978, he argued it wasn't the qualifying crime of robbery with a firearm.  Pitts did not contest that his other prior convictions — the 1982 robbery conviction and the 1993 drug conviction — also qualified under the ACCA.

The district court did not alter any of the PSR findings.  It overruled Pitts' objections to use of the 1978 California robbery with a firearm conviction, finding that in 1978 he had been convicted in California of robbery with a firearm, which qualified as an ACCA predicate offense. It did not specify which ACCA clause it relied on to determine that the robbery conviction was a "violent felony."  See generally 18 U.S.C. § 924(e)(2)(B).  The court also overruled Pitts' objections to the use of the 2001 Florida drug offense, finding that it qualified as a serious drug offense under the ACCA.  The court also found, at least implicitly and as the PSR had recommended, that the 1982 California robbery and the 1993 Florida drug offense also counted under the ACCA.  The result, by the district court's count, was four qualifying prior convictions for purposes of ACCA enhancement, which exceeded the statutory requirement of at least three.  See 18 U.S.C. § 924(e)(1).

4

Application of the ACCA increased Pitts' adjusted offense level, and as we have mentioned, his guidelines range increased from 168–210 months imprisonment to 180–210 months because of the 180-month ACCA mandatory minimum sentence. The court imposed that mandatory minimum sentence. Sentencing took place in 2009.

In his direct appeal, Pitts challenged the application of the ACCA. See United States v. Pitts, 394 F. App'x 680 (11th Cir. 2010) (unpublished). He argued "that the district court erred in: (1) determining that his 1978 California conviction for robbery with a firearm qualified as a 'violent felony;' and (2) that his 2001 Florida cocaine conviction qualified as a 'serious drug offense' under the ACCA." Id. at 681. We concluded that the 1978 robbery conviction was for a violent felony under the ACCA because the California robbery statute is categorically within the definition of a violent felony. Id. at 683 (citing 18 U.S.C. § 924(e)(2)(B)(i)). We also agreed with the district court that the record showed that the 2001 Florida cocaine conviction qualified as a serious drug offense. Id. at 684. Having decided that the ACCA enhancement was proper, we affirmed the sentence. Id.

The next year, 2011, Pitts filed a 28 U.S.C. § 2255 motion to vacate his sentence, raising ineffective assistance of counsel claims that have nothing to do with this appeal. The district court denied the § 2255 motion with prejudice.

5

After Pitts lost on direct appeal and in his initial § 2255 motion, the Supreme Court held that the ACCA's residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Johnson v. United States, 576 U.S. 591, 606 (2015). Later, it held that Johnson created a new substantive rule of constitutional law made retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Those developments prompted Pitts to file with this Court an application for leave to file in the district court a second or successive § 2255 motion based on Johnson. We granted him leave to proceed, and Pitts filed his second § 2255 motion in the district court in 2016.

The magistrate judge issued a report recommending dismissal of that motion. The report accepted Pitts' argument that his two prior California robbery convictions were no longer crimes of violence based on United States v. Dixon, 805 F.3d 1193 (9th Cir. 2015). But it also found that Pitts' California forcible rape conviction was a violent felony under the ACCA, and that, adding it to his two drug convictions, Pitts had three qualifying predicate convictions. As a result, the report recommended that Pitts' ACCA enhancement was valid even after the Johnson decision and his § 2255 motion should be denied. It also suggested that the district court "may wish to grant a certificate of appealability issue as to

6

whether California's robbery and forcible rape offenses constitute[] . . . crime[s] of violence to support a § 924(e) ACCA enhancement post-Johnson."

Pitts objected to the report and recommendation. He contended in the district court that the magistrate judge should not have concluded that applying the ACCA enhancement was correct. That was error, he argued, because California's rape statute included sex by means of "duress," which he asserted does not require the use or threatened use of force.

In response to that argument, the district court noted that the duress provision was added to California's statute in 1990, eight years after Pitts was convicted of forcible rape. The court adopted the magistrate judge's recommendation and denied Pitts' second § 2255 motion in 2018. The court also denied a COA, rejecting the magistrate judge's suggestion that one be granted.

## II.  THE CERTIFICATE OF APPEALABILITY

Having lost in the district court and been denied a COA, Pitts moved for one in this Court. We granted him one on the issue of whether his conviction for forcible rape under the California Penal Code was a violent felony for purposes of the ACCA, 18 U.S.C. § 924(e)(2)(B).  As it turns out, however, that is not the issue on which this appeal turns, or to which we turn to decide the appeal. The COA that was granted overlooks the fact that regardless of the forcible rape conviction, Pitts has two ACCA predicate convictions for serious drug offenses in

7

addition to a 1978 robbery with a firearm conviction and a 1982 robbery conviction.

If we decided the question posed in the COA that was issued, it would not matter. If we were to decide that the forcible rape conviction was a violent felony for ACCA purposes, Pitts would lose. And if we were to decide that it was not a violent felony, he would also lose; he would lose because our decision that the rape conviction did not count would not affect the counting of his robbery convictions. Added to Pitts' two drug offenses, which are undisputed ACCA predicate convictions, Pitts' two robbery convictions make four, which is one more than is necessary for ACCA status. See 18 U.S.C. § 924(e)(1).

We could dismiss the COA as improvidently granted and dismiss the appeal for that reason. But in their briefs to this Court and at oral argument, the government and Pitts joined issue on whether the two robbery convictions were improperly counted as ACCA predicate offenses in light of the Supreme Court's Johnson decision. The government argues that they were properly counted as ACCA-qualifying prior violent felonies notwithstanding Johnson. Pitts argues that they are not. Given that he cannot, and does not, challenge that each of his two Florida drug convictions qualify as "a serious drug offense" for ACCA purposes, see 18 U.S.C. § 924(e)(1), Pitts must show that his two robbery convictions were each improperly counted as "a violent felony," id., in light of Johnson.

8

Under these circumstances, we have the discretion to amend, revise, or expand the COA to fit the dispositive issue in this case, which the parties have briefed and orally argued to us. See Mays v. United States, 817 F.3d 728, 732–33 (11th Cir. 2016); Dell v. United States, 710 F.3d 1267, 1272 (11th Cir. 2013); Thomas v. Crosby, 371 F.3d 782, 796 (11th Cir. 2004) (Tjoflat, J., concurring); cf. Jennings v. Stephens, 135 S. Ct. 793, 802 (2015) (holding that no COA is required for "the defense of a judgment on alternative grounds"); Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016) ("We may affirm on any ground supported by the record.") (quotation marks omitted).  Accordingly, we revise the COA to specify the issue as: Has Pitts carried his burden of showing that the district court that sentenced him erred under the Johnson decision in counting his two robbery convictions as ACCA predicate violent felony offenses?  We turn now to that question.

### III.  DISCUSSION

We start with the basics.  The ACCA provides that a person convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) and who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a fifteen-year mandatory minimum sentence.  18 U.S.C. § 924(e)(1); see also Mays, 817 F.3d at 730.  The "term 'violent felony' means any crime punishable by

9

imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B).

The Supreme Court has held that the ACCA's residual clause is unconstitutionally vague. Johnson, 576 U.S. at 597–98, 606. And its invalidation of the residual clause is a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. at 1268. But the Court has made clear that it has "not call[ed] into question application of" the ACCA's elements clause or the enumerated clause. Johnson, 576 U.S. at 606.

The result, as we have held, is that a § 2255 movant seeking to vacate his sentence based on Johnson bears the burden of showing by a preponderance of the evidence that he was sentenced as an armed career criminal "solely because of the residual clause." Beeman v. United States, 871 F.3d 1215, 1224 (11th Cir. 2017); see also id. at 1225 (requiring the movant to show that "but for the residual clause he would have received a different sentence"). "Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation." Id. at 1221. That means "[i]f it is just

10

as likely that the sentencing court relied on the elements [clause] or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222. And if the movant has failed to show that, he is not entitled to have his sentence vacated under Johnson.

Pitts' two Florida drug convictions indisputably are "serious drug offenses." As a result, Pitts must show that the sentencing court based the ACCA enhancement on a finding that his prior convictions for robbery counted as violent felonies based solely on the residual clause. See Williams v. United States, 985 F.3d 813, 817 (11th Cir. 2021) ("[T]he sentencing court must have relied only on the residual clause in qualifying the felony as violent."); Tribue v. United States, 929 F.3d 1326, 1331 (11th Cir. 2019) (citing Beeman, 871 F.3d at 1221). We begin (and, as it turns out, end) with Pitts' 1978 California conviction for robbery with a firearm.

Whether a § 2255 movant was sentenced because of the residual clause is a question of "historical fact," and "[e]ach case must be judged on its own facts." Beeman, 871 F.3d at 1224 nn. 4–5. A § 2255 movant can meet his Beeman burden in one of two ways. The first is by pointing to evidence in the record showing that the district court relied only on the residual clause in sentencing him. Id. at 1224–

11

25. That evidence may include comments made by the parties, by the sentencing judge, or in the PSR. Id. at 1224 n.4. Pitts can't meet his burden in this way.

Consider the sentencing court's finding that his 1978 California conviction for robbery with a firearm was a violent felony for ACCA purposes. Pitts has not identified anything in the sentencing transcript, the PSR, or the remainder of the record indicating that the court relied on the residual clause, instead of the elements clause, in concluding that his 1978 California robbery conviction was a violent felony.

There is one other way a § 2255 movant can meet his Beeman burden: He can show that when he was sentenced, binding precedent clearly established that the predicate offense was a violent felony only under the ACCA's residual clause. See id. at 1224 n.5 ("[I]f the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause."); see also Williams, 985 F.3d at 820 ("[A]bsent clear precedent showing that the court could only have used one clause or another, merely persuasive authority on the state of the law is insufficient to determine the sentencing court's reasoning.") (quotation marks omitted; original brackets); id. ("Absent authority that would have compelled a particular result [at the time of sentencing, the defendant] cannot meet his burden of proof through case law alone.") (emphasis

12

added).  If there were binding precedent at the time of sentencing that would have compelled the district court to rely on the residual clause and only the residual clause, then we can conclude there is enough circumstantial evidence to find the "historical fact" that it actually did so.  See id. at 821.

To meet his Beeman burden for his robbery with a firearm conviction, Pitts first points to United States v. Dixon, 805 F.3d 1193 (9th Cir. 2015).  But it doesn't support his position.  He must show what the law was at the time he was sentenced, see Beeman, 871 F.3d at 1224 n.5, and a case decided in 2015, as Dixon was, does not establish what the law was at the time of Pitts' sentencing six years earlier, see United States v. Pickett, 916 F.3d 960, 966 (11th Cir. 2019) ("[C]ases postdating the sentencing 'cast[] very little light, if any, on the key question of historical fact.'") (quoting Beeman, 871 F.3d at 1224 n.5) (original brackets).[2]

Pitts next points to United States v. Becerril-Lopez, 541 F.3d 881 (9th Cir. 2008).[3]  That decision, at least, was issued before Pitts was sentenced, but it

---

[2] Pitts also relies on People v. Anderson, 252 P.3d 968 (Cal. 2011), for the proposition that one can commit a California Penal Code § 211 robbery by negligently using force, which would prevent § 211 from being a categorical match with the ACCA's definition of "violent felony."  But the Anderson case was decided two years after Pitts was sentenced and could not have influenced the sentencing court's decision.

[3] Pitts is assuming that a decision of the Ninth Circuit interpreting California law can establish what a sentencing court outside that circuit believed that California law was. We don't think so. Ninth Circuit decisions aren't binding on any courts in this or any other circuit outside of that one. And they are not binding on the California Supreme Court or any other state courts anywhere. They don't bind any judge except lower federal court judges in the Ninth Circuit. See

13

doesn't help him.  In <u>Becerril-Lopez</u> the defendant appealed his conviction and

sentence for being a deported alien found in the United States.  <u>Id.</u> at 885.  At the

time Becerril-Lopez was sentenced, a defendant who illegally reentered the

country after deportation received a 16-level sentencing enhancement under

U.S.S.G. § 2L1.2(b) if he had previously been convicted of a "crime of violence."

<u>See</u> <u>id.</u> at 885, 889.  In <u>Becerril-Lopez</u> the sentencing court had applied that

enhancement based on Becerril-Lopez's prior conviction for robbery under

California Penal Code § 211, the same statute Pitts was convicted of violating.  <u>Id.</u>

at 889.  At the time <u>Becerril-Lopez</u> was decided (and at the time Pitts was

sentenced), California defined robbery as "the felonious taking of personal

property in the possession of another, from his person or immediate presence, and

_____

Johnson v. United States, 559 U.S. 133, 138 (2010) (holding that "[w]e are . . . bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of" the Florida felony battery statute, in determining whether a conviction under that statute "meets the definition of 'violent felony' in 18 U.S.C. § 924(e)(2)(B)(i) [the elements clause]"); United States v. Conage, 976 F.3d 1244, 1249 (11th Cir. 2020) (explaining that in determining whether a state conviction qualifies as a predicate offense under the ACCA "we are bound by federal law when we interpret terms in the ACCA and bound by state law when we interpret elements of state-law crimes") (quotation marks omitted); United States v. Davis, 875 F.3d 592, 597 (11th Cir. 2017) ("We apply federal law in interpreting the ACCA, but state law in determining the elements of state offenses, keeping in mind that state law is what the state supreme court says it is."); United States v. Braun, 801 F.3d 1301, 1303 (11th Cir. 2015) (same); see also Johnson v. Fankell, 520 U.S. 911, 916 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State.").

Even if it were binding authority, however, the <u>Becerril-Lopez</u> decision would not affect our decision in this case, so we will indulge Pitts' assumption and pretend that <u>Becerril-Lopez</u> tells us what the district court that sentenced him in the Southern District of Florida in 2009 was thinking at the time.

against his will, accomplished by means of force or fear." Cal. Penal Code § 211. And California defined "fear" as, among other things, the "fear of an unlawful injury to the person or property of the person robbed." Id. § 212 (emphasis added). Based on those definitions, the Ninth Circuit in Becerril-Lopez concluded that robbery under § 211 can be accomplished by "mere threats to property." See 541 F.3d at 891. That fact, the court concluded, meant that robbery under § 211 was not categorically robbery under U.S.S.G. § 2L1.2. Id.

Pitts argues that given how broadly the Ninth Circuit has interpreted robbery under § 211, he carried his Beeman burden of showing that precedent at the time of his sentencing made clear that "only the residual clause would authorize a finding that the prior [robbery] conviction was a violent felony." Beeman, 871 F.3d at 1224 n.5. Pitts is correct that the court in Becerril-Lopez acknowledged that § 211 is broader than generic robbery, but that additional breadth is that it encompasses threats to property, which equate to generic extortion, and the court recognized that generic extortion is a crime of violence. See Becerril-Lopez, 541 F.3d at 891–92. It held: "Takings through threats to property and other threats of unlawful injury fall within generic extortion, which is also defined as a 'crime of violence.'" Id. at 891 (quoting U.S.S.G. § 2L1.2 cmt. 1(B)(iii)); see also id. (quoting Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409 (2003)) (noting that the "Supreme

15

Court has defined generic extortion as 'obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats'").

In the Ninth Circuit's view "if a conviction under . . . § 211 involved a threat not encompassed by generic robbery, it would necessarily constitute generic extortion." Id. at 892. As a result, the Becerril-Lopez court held that "a conviction under . . . § 211 could only result from conduct that constitutes a 'crime of violence' for purposes of U.S.S.G. § 2L1.2": either generic robbery or generic extortion. See id. at 893 (emphasis added). The decision in that case does not establish that robbery under California Penal Code § 211 is not a violent felony for purposes of the ACCA. If anything, it establishes the contrary. See United States v. Vail-Bailon, 868 F.3d 1293, 1298 n.8 (11th Cir. 2017) (en banc) ("The elements clause of the ACCA is identical to the elements clause of § 2L1.2. Cases construing the ACCA's elements clause are thus relevant to our inquiry here."); United States v. Green, 873 F.3d 846, 869 (11th Cir. 2017) ("The elements clause defining a crime of violence in the Guidelines . . . is identical to the elements clause defining a violent felony for ACCA purposes.").

Becerril-Lopez does not make it more likely than not that the sentencing court relied on only the residual clause. The ACCA lists extortion as a "violent felony" in its enumerated offense clause. 18 U.S.C. § 924(e)(2)(B)(ii). And the Ninth Circuit held in Becerril-Lopez that a conviction under California's robbery

16

statute would "necessarily constitute" either generic robbery or generic extortion.

That means that even if the non-binding Becerril-Lopez decision had been binding

at the time the district court sentenced Pitts, it would not make any difference.  It

wouldn't because Becerril-Lopez does not establish, even for the Ninth Circuit,

that a § 211 robbery is a violent felony only under the ACCA's residual clause.[4]  In

sentencing Pitts, the district court might have concluded that the 1978 robbery was

a violent felony under the residual clause, but Beeman demands more than a

showing of a mere possibility that the residual clause was used.  See 871 F.3d at

1221–22 & n.3 (rejecting the mere possibility approach).  And if in sentencing Pitts

the district court had been persuaded by Becerril-Lopez's reasoning, it would have

found that the robbery was tantamount to extortion and qualified under the

enumerated offenses clause of 18 U.S.C. § 924(e)(2)(B).

---

[4] The Ninth Circuit later backed away from Becerril-Lopez.  See Dixon, 805 F.3d at 1196 ("Generic extortion, which is an enumerated offense included in the ACCA's definition of 'violent felony,' is defined broadly enough to encompass many violations of . . . § 211, but not all."); United States v. Bankston, 901 F.3d 1100, 1104 (9th Cir. 2018) (holding that "California robbery is . . . no longer a categorical match to a combination of Guidelines-described robbery and extortion, and Becerril-Lopez's holding to the contrary no longer controls").  But those decisions came years after the district court sentenced Pitts and could not have influenced the court's reasoning.  See Beeman, 871 F.3d at 1224 n.5.

17

At best for Pitts, it is unclear from the record whether the sentencing court relied on the residual clause or the elements clause or the enumerated offenses clause, or all three of them, when it found that his 1978 California conviction for robbery with a firearm was a violent felony under the ACCA. And, when it is unclear what role, if any, the residual clause played, the movant loses. Williams, 985 F.3d at 821 ("The root problem here is that [the defendant] is relying on circumstantial evidence which, when unclear, has little to no bearing on the ultimate issue. . . . Because the authorities that [the defendant] cites are not clear, they fail to shed light on what the sentencing court did as a matter of historical fact."); Beeman, 871 F.3d at 1224–25. The movant loses because "[i]f the evidence is silent or in equipoise, then the party with the burden fails." Williams, 985 F.3d at 821. That party is Pitts.

We need not determine whether the 1982 California robbery conviction also qualifies as a prior "violent felony" for purposes of the ACCA because it doesn't matter.

## IV.  CONCLUSION

We **AFFIRM** the denial of Pitts' § 2255 motion.

18